IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:14-CR-2-D

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| EUNICE ANTANET SAUNDERS, ) | |
| ) | |
| Defendant. ) | |

On February 10, 2014, pursuant to a plea agreement [D.E. 15], Eunice Antanet Saunders ("Saunders") pleaded guilty to conspiracy to distribute and possess with the intent to distribute 28 grams or more of cocaine base (crack) and a quantity of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. [D.E. 15]. On June 4, 2014, the court held Saunders's sentencing hearing. See [D.E. 24]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See [D.E. 26] 1; Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Saunders's total offense level to be 23, her criminal history category to be III, and her advisory guideline range to be 60 to 71 months. See [D.E. 26] 1. The court then granted the government's motion under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e). See [D.E. 23]; [D.E. 26] 1–2. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Saunders to 54 months' imprisonment. See [D.E. 25].

On June 24, 2015, Saunders moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines. [D.E. 29]. On November 17, 2015, Saunders filed a memorandum in support of her motion [D.E. 31]. On November 24, 2015, the government responded [D.E. 33]. Saunders's new advisory guideline range is 46 to 57

months' imprisonment, based on a total offense level of 21 and a criminal history category of III. See Resentencing Report. Saunders requests a 41-month sentence. See [D.E. 31].

The court has discretion to reduce Saunders's sentence. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Saunders's sentence, the court finds that Saunders engaged in serious criminal behavior. See PSR [D.E. 16] ¶¶ 7–10. Furthermore, Saunders has a disturbing criminal history. Saunders's criminal history includes convictions for affray (two counts), simple assault (two counts), accessory after the fact, illegal sale of firearms, use of a firearm in connection with a drug-trafficking offense, uttering a forged instrument, and possession of stolen goods. See id. ¶¶ 14–23. Nonetheless, Saunders has engaged in some positive behavior while incarcerated on her federal sentence. See [D.E. 31] 5–7.

Having reviewed the entire record and all relevant policy statements, the court finds that Saunders received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a) and finds that further reducing Saunders's sentence would threaten public safety in light of her serious criminal conduct and serious criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Saunders's serious criminal conduct and serious criminal history do not support further reducing Saunders's sentence. Thus, the court denies Saunders's motion for reduction of sentence. See, e.g., Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Saunders's motion for reduction of sentence [D.E. 29].

2

SO ORDERED. This _3_ day of November 2016.

                                                  JAMES C. DEVER III
                                                  Chief United States District Judge